UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 21-2895-MWF (JEMx)**                      Date:  **April 14, 2021**

Title:    Certain Underwriters at Lloyds, London Subscribing to Policy No. MEO1545358.19 v. Round Trip Transportation, Inc.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Plaintiff filed a Complaint in this Court on April 2, 2021, seeking declaratory relief, or in the alternative, reformation of insurance policy. (*See generally* Complaint, (Docket No. 1)). The Complaint attempts to invoke this Court's jurisdiction under 28 U.S.C. §§ 1332 and 2201. (*Id.* ¶¶ 3-5).

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (assessing whether a provision of a federal statute had jurisdictional consequences). Jurisdiction under § 1332 requires that the amount in controversy exceed $75,000 and that the parties meet the complete diversity rule. 28 U.S.C. § 1332(a); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). For complete diversity to exist, the state citizenship of every plaintiff must differ from the state citizenship of every defendant. *Newman-Green*, 490 U.S. at 829. In the case of incorporated entities, "a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state it has its principal place of business." 28 U.S.C. § 1332(c)(1). The principal place of business is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 21-2895-MWF (JEMx)**                    Date:  **April 14, 2021**

Title:      Certain Underwriters at Lloyds, London Subscribing to Policy No. MEO1545358.19 v. Round Trip Transportation, Inc.

"The Declaratory Judgment Act, 28 U.S.C. § 2201, does not itself confer federal subject matter jurisdiction." *Fidelity & Cas. Co. v. Reserve Ins. Co.*, 596 F.2d 914, 916 (9th Cir. 1979) (citing *Skelly Oil v. Phillips Petroleum*, 339 U.S. 667 (1950)).

Plaintiff issued an insurance policy to Defendant for sexual abuse/misconduct coverage. (Complaint ¶ 24). A lawsuit against Defendant is currently pending in state court alleging that Defendant's employees sexually abused a mentally disabled adult. (*Id.* ¶¶ 17-18). Plaintiff now seeks a declaratory judgment that coverage under the policy is subject to a $1,000,000 limit of liability. (*Id.* ¶¶ 23-30). In the alternative, Plaintiff seeks reformation of the policy. (*Id.* ¶¶ 31-34).

Plaintiff cannot rely on § 2201 to confer subject-matter jurisdiction, and the Complaint fails to allege how the amount in controversy is met. Although the policy limit is the amount in controversy when a policy's validity is at issue, *Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 756 (9th Cir. 2018), the Complaint does not challenge the policy's validity. It seeks a ruling interpreting coverage under the policy or equitable reformation of the policy. The Complaint cites no authority that a policy limit establishes the value of the matter in controversy where a plaintiff seeks a ruling on the correct interpretation of the policy's terms.

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing on or before **April 27, 2021**, why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff's failure to respond by the above date will result in dismissal of the action without prejudice.

IT IS SO ORDERED.